IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Henry, III, <br><br> Plaintiff, <br><br> v. <br><br> Phillip E. Thompson, in his capacity as the duly-elected and serving Sheriff of the Horry County Sheriffs Office, <br><br> Defendant. | C/A No. 4:23-cv-6113-SAL <br><br><br> **ORDER** |

    Plaintiff initiated this action by filing a complaint against Defendant in November 2023. He was initially represented by counsel is now representing himself pro se. *See* ECF No. 21. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be dismissed for failure to prosecute. [ECF No. 38.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. Plaintiff has not filed objections, and the time for doing so has expired.

    The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

On December 10, 2025, the magistrate judge assigned to this case directed Plaintiff to submit an amended complaint on or before January 2, 2025. [ECF No. 32.] That order, mailed the same day it was issued, has not been returned to the court as undeliverable. Thus, it is presumed that Plaintiff received the order but has neglected to comply with it within the time permitted under the order. The court has not received a response from Plaintiff, and the time for compliance has passed. Further, the magistrate judge specifically informed Plaintiff that if he failed to comply with the order, his case would be subject to dismissal.

Plaintiff's lack of response to the Order indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). Accordingly, the magistrate judge recommends dismissing this case under Rule 41(b) for failure to prosecute.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error and adopts the Report, ECF No. 38, and incorporates it by reference herein. As a result, this matter is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(B).**

IT IS SO ORDERED.

April 14, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge